**MITSUKIYO YOSHIMURA v. KANNE, Collector of Internal Revenue.**

**Civil Action No. 733.**

District Court, Hawaii.

Jan. 31, 1947.

Shiro Kashiwa, of Honolulu, T. H., for plaintiff.

Ray J. O'Brien, U. S. Atty., and Edward A. Towse, Asst. U. S. Atty., both of Honolulu, T. H., for defendant.

McLAUGHLIN, District Judge.

This suit was brought to enjoin the Collector from collecting from the plaintiff income taxes for the years 1941, 1942, and 1943 in the total sum of Six Thousand Three Hundred Twenty-Five Dollars ($6,-325) representing deficiencies for those years, plus a 50% penalty for the same years of Three Thousand One Hundred Sixty-Two and 51/100 Dollars ($3,162.51).

At the outset, the defendant moved to dismiss the complaint on points of law. The Court overruled the motion on the ground that taking the facts well pleaded as true, it appeared that the plaintiff had stated a case within the judicial exception to the statutory prohibition against the enjoining of the collection of taxes, 26 U.S. C.A. § 3653, for it was alleged:

1. That plaintiff was a subject of Japan, poorly educated, who spoke barely sufficient English to operate his gasoline filling station—his sole source of income.

2. That he had filed true tax returns for the years in question and paid his taxes.

3. That a representative of the Intelligence Unit of the Treasury Department visited him in 1944 and while looking over his books indicated to plaintiff that he had defrauded the government and that being an alien he was in a dangerous position and might be interned by the Army.

4. That being in fear of internment by the Army and, though not understanding the meaning of the word "fraud," plaintiff signed a statement for the investigator admitting fraud.

5. That thereafter, late in 1945 or early 1946, representatives of the Treasury Department again called upon plaintiff and asked him to sign in blank a Form 870; that he declined to sign it until he consulted his lawyer, but that the Treasury men persuaded him that such was not necessary and that since he had signed a fraud statement he should sign the Form 870 or he might be criminally prosecuted and imprisoned by the Federal Court as others recently had been; so plaintiff signed the form.

6. That he thereafter consulted his lawyer, who in turn asked for the return of the signed in blank Form 870 but was refused by the Treasury Department.

7. And, finally, that the plaintiff does not have Nine Thousand Four Hundred Eighty-Seven and 51/100 Dollars ($9,487.51) and that if defendant seizes and sells what little property plaintiff has, he will be unjustly and irreparably damaged for he has no remedy at law and is denied access to the Tax Appeal Court having signed the Form 870.

In view of these astounding allegations, especially those as to threatened internment by the Army, forceful persuasion to obtain a signature to a blank Form 870 while knowing the plaintiff had a lawyer, and the threat that this Court would imprison plaintiff as a tax evader if he didn't sign the Form 870, the Court decided it appeared to be a case within the exception to the statute and would hear the evidence.

Accordingly, the parties proceeded to trial. At the conclusion of the plaintiff's case, the defendant renewed his motion to dismiss on the ground that regardless of that shown by the evidence, in point of law, plaintiff could not obtain the relief prayed for.

As against the motion, giving the plaintiff's evidence its best possible interpretation—and it was not too clear or satisfying—and assuming that plaintiff had portrayed in a sufficient manner "exceptional circumstances" the Court—despite the fact that its sympathies were, upon the showing, with the plaintiff due to the shabby way he had been treated by the government's representatives—sustained the government's renewed motion to dismiss.

### Findings of Fact.

Viewed as against the motion, I find that the plaintiff's evidence at least sufficiently supports the allegation of the complaint (above outlined) to require the government to go forward unless as a matter of law, plaintiff could not obtain the relief prayed for.

### Conclusions of Law.

 The law being that to come within the judicial exception to 26 U.S.C.A. § 3653, it is necessary to show not only "exceptional circumstances" but also that the tax law is either unconstitutional or invalid as applied to plaintiff—and the plaintiff failing to show either that the income tax law was unconstitutional or that it was invalid as applied to him—I conclude that

As a matter of law, proof of exceptional circumstances alone are not enough to warrant the granting of the relief prayed for, to wit, an injunction to prevent the collection of assumed deficiency tax and the penalty.

This written decision—conforming as it does to the Court's oral ruling—may be filed as of the date of the ruling sustaining the motion to dismiss.